UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

V.                                                                                          NO. 2:22-CR-9-KHJ-MTP

JONATHAN THOMAS

ORDER

Before the Court is Defendant Jonathan Thomas' [23] Motion to Dismiss the Indictment. The Court denies the motion.

Thomas has a 2006 conviction for armed robbery. *Id.* at 1. The [3] Indictment charges Thomas with knowingly violating 18 U.S.C. § 922(g)(1), which prohibits a person from possessing a firearm in or affecting commerce if he "has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year." *See also id.* § 924(a)(8) (providing that a knowing violation is punishable by up to 15 years of imprisonment). Thomas moves to dismiss the Indictment, arguing that Section 922(g)(1) is unconstitutional as applied to him. [23] (citing *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022)).

Addressing a similar challenge, this Court concluded that it remains bound by pre-*Bruen* Fifth Circuit precedents upholding Section 922(g)(1). *See* Order [45], *United States v. Brown*, No. 3:18-CR-117 (S.D. Miss. Mar. 12, 2024). As to that issue, Thomas raises the same arguments that the defendant in *Brown* raised. *See* Reply [25] at 1–4; Reply [32] at 1–4, *United States v. Brown*, No. 3:18-CR-117 (S.D.

Miss. Sept. 20, 2023). While Thomas offers some additional arguments and authorities relevant to other issues, none change the Court's analysis or conclusion that it remains bound by pre-*Bruen* Fifth Circuit precedents. The Court thus incorporates by reference its holding and Order in *Brown*. *See* Order [45], *Brown*, No. 3:18-CR-117.

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court DENIES Defendant Jonathan Thomas' [23] Motion to Dismiss the Indictment.

SO ORDERED, this 13th day of March, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE